UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIKKI PARHAM, individually and on behalf of her minor child, B.M., | 18-cv-04678 |
| Plaintiffs, | Honorable Charles R. Norgle, Sr. |
| v. | Magistrate Judge M. David Weisman |
| LAKEVIEW LOAN SERVICING, LLC and CENLAR FSB, | |
| Defendants. | |

**PLAINTIFFS' BRIEF ON THE APPLICATION OF THE *ROOKER-FELDMAN* DOCTRINE**

NOW COME Nikki Parham ("Nikki") and B.M., a minor, (collectively, "Plaintiffs"), by and through their undersigned counsel, and pursuant to the Court's December 12, 2018 Order [Dkt. 18], submitting this brief regarding the application (or lack thereof) of the *Rooker-Feldman* doctrine as follows:

**INTRODUCTION**

On December 11, 2018, this Court held the initial status hearing for this matter. At the hearing, it was disclosed that Nikki was a defendant in a state foreclosure action filed by Lakeview Loan Servicing, LLC ("Lakeview") against Nikki in the Circuit Court of Cook County, Case No. 2016-CH-00476 ("Foreclosure Action"). The Court examined the parties' counsel on whether the instant action will require the District Court to review any **final judgments** entered in the Foreclosure Action, thus potentially triggering the application of the *Rooker-Feldman* doctrine and barring Plaintiffs' claims. Plaintiffs' counsel took the unequivocal position that the *Rooker-*

*Feldman* doctrine does not bar Plaintiffs' claims. Remarkably, not once did Defendants affirmatively contend that the *Rooker-Feldman* doctrine bars Plaintiffs' claims. After the Court completed its inquiry on the application of the *Rooker-Feldman* doctrine, the Court requested that the parties submit briefing on (1) the relationship between the Foreclosure Action and this case, and (2) Plaintiffs' efforts to present the claims asserted in this case in the Foreclosure Action. *See* Dkt. 18. For the reasons set forth below, there is an insufficient nexus between the Foreclosure Action and the claims asserted in this case to trigger the application of the *Rooker-Feldman* doctrine.

## SUMMARY OF THE CASES

### a.  The Foreclosure Action

On January 13, 2016, Lakeview, the owner of the mortgage loan at issue ("subject loan"), filed the Foreclosure Action in the Circuit Court of Cook County (Chancery Division) against Nikki alleging that Nikki failed to make her mortgage payments on the subject loan. *See* Exhibit A attached hereto, a true and correct copy of the docket for the Foreclosure Action. On September 13, 2016, the state court entered a non-final default judgment of foreclosure against Nikki. *Id.* In June 2017, prior to the Sherriff's sale, Nikki applied for a loan modification in an effort to retain her home and prevent it from going to Sheriff's sale. Complt. ¶¶31-32.

On July 7, 2017, while her loan modification application was pending and prior to the Sheriff's sale, Cenlar FSB ("Cenlar"), the servicer of the subject loan, sent agents to Plaintiffs' home while Nikki was at work and while B.M. was home alone. Compl. ¶33. Cenlar's agents knocked on the door but nobody answered. Compl. ¶¶34-39. Shortly thereafter, Cenlar's agents

forcibly broke into Plaintiffs' home by bulldozing through back door, all while B.M. was home.[1] The forcible entry set B.M. into a state of panic and sheer fright, causing B.M. to retreat and hide behind the furnace for an extended period of time while Cenlar's agents rummaged through Plaintiffs' home. Compl. ¶¶42-53. Cenlar's agents eventually left without detecting B.M. Compl. ¶52. Prior to leaving Plaintiffs' home, Cenlar's agents changed the locks on Plaintiffs' home, thus depriving Plaintiffs of access to their home. Compl. ¶¶56-61. Shortly thereafter, Nikki came home and called the police. Compl. ¶57. The police came to Plaintiffs' home and Nikki filed a burglary report. Compl. ¶60. Plaintiffs' home was physically damaged by the forcible entry (requiring costly repairs) and Plaintiffs suffered significant mental anguish as a result of Defendants' conduct. Compl. ¶¶74-85. All of Defendants' conduct occurred prior to Lakeview completing the foreclosure process prescribed by the Illinois Mortgage Foreclosure Law. *See* Exhibit A.

On July 26, 2017, Nikki filed a Motion for Leave to File Counterclaim in the Foreclosure Action to assert claims against Lakeview arising from the forcible entry into her home. *See* attached Exhibit B, a true and correct copy of the Motion for Leave to File Counterclaim filed in the Foreclosure Action. On July 27, 2017, the court in the Foreclosure Action denied Nikki's Motion for Leave to File Counterclaim. *See* attached Exhibit C, a true and correct copy of the Order entered in the Foreclosure Action denying Nikki's Motion for Leave to File Counterclaim. According to Nikki's lawyer in the Foreclosure Action, the state court denied Nikki's Motion for Leave to File Counterclaim because the court believed that the claims should be asserted in a new lawsuit. *See* attached Exhibit D, a true and correct copy of an email sent by Nikki's counsel in the

---

[1] In lieu of rehashing all the details of the forcible entry, Plaintiffs refer the Court to the Complaint and incorporate the Complaint as fully set forth herein.

3

Foreclosure Action to the undersigned.[2] On July 13, 2018, Lakeview voluntarily dismissed the Foreclosure Action. *See* Exhibit A; July 13, 2018 entry.

### b. The Federal Case

On July 6, 2018, Plaintiffs filed the instant case against Lakeview and Cenlar seeking redress for Defendants' unlawful forcible entry ("Federal Case"). Plaintiffs allege that Defendants' conduct breached the underlying mortgage loan, violated the Fair Debt Collection Practices Act ("FDCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), and resulted in the commission of the common law torts of intrusion upon seclusion, intentional infliction of emotional distress, and trespass (collectively, "Plaintiffs' claims").

## ARGUMENT

### I. There Is No Substantive Relationship Between the Foreclosure Action and the Federal Case

Any cursory examination of the Foreclosure Action and the Federal Case reveals that there is no substantive relationship between the two. The Foreclosure Action was predicated on Nikki's failure to make payments on the subject loan. Plaintiffs' claims in the Federal Case arise from Defendants' conduct that took place nearly **18 months after** the Foreclosure Action was initiated. More importantly, Plaintiffs' claims have nothing to do with whether Nikki made payments on the subject loan or whether Lakeview has the right to foreclose on Plaintiffs' home (the subjects of litigation in the Foreclosure Action). The only common denominator between the cases is that they

---

[2] Unlike Illinois Federal District Courts, Cook County courts do not, as a matter of course, have a court reporter present to transcribe every court hearing unless a party hires a court reporter to transcribe the court hearing. A court reporter was not present the day that the Motion for Leave to File Counterclaim was presented in the Foreclosure Action. Accordingly, to the best of Plaintiffs' counsel's knowledge, there are no available transcripts to present to the Court.

involve some of the same parties, namely Nikki and Lakeview. With the exception of two common parties, there are absolutely no other parallels between the cases. The Federal Case is patently distinct from the Foreclosure Action because it (1) involves new parties (B.M. and Cenlar) and (2) raises claims that stem from an entirely different set of operative facts and legal theories (tortious conduct versus failure to make payments on a mortgage loan). Moreover, the Foreclosure Action was dismissed on July 13, 2018, making the Federal Case the only active litigation involving some of the same parties to the Foreclosure Action. Accordingly, there is no substantive relationship between the Foreclosure Action and the Federal Case.

## II. The *Rooker-Feldman* Doctrine is Inapplicable because Plaintiffs are Not Seeking Review of a Final State Court Judgment and Did Not Have an Opportunity to Litigate Their Claims in the Foreclosure Action

The *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgment....no matter how erroneous or unconstitutional the state court judgment may be. The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." *Kelley v. Med-1 Solutions, LLC,* 548 F.3d 600, 603 (7th Cir. 2008) (internal citations omitted). "In assessing the applicability of the *Rooker–Feldman* doctrine in a particular case, 'the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 555 (7th Cir. 1999). "The pivotal inquiry is 'whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim.'" *Id.* Moreover, there is a "reasonable opportunity exception" to the *Rooker-Feldman* doctrine. *Kelley,*

548 F.3d at 603 (7th Cir. 2008). "Under the exception, if a plaintiff lacked a reasonable opportunity to litigate his claims in state court, then the federal lawsuit can proceed." *Id.*

### a. Plaintiffs are Not Seeking Review of a State Court Judgment

Here, Plaintiffs are not seeking review of a state court judgment. Specifically, there was no final judgment in the Foreclosure Action for Plaintiffs to seek review of because the Foreclosure Action was **dismissed**. Plaintiffs are not attempting to relitigate claims that were decided by the state court because the state court never entered a final judgment that affected the parties' respective rights. The only judgment that was entered in the Foreclosure Action was a default judgment of foreclosure on September 13, 2016. *See* Exhibit A, September 13, 2016 entry. "As the Illinois Supreme Court has explained, '[i]t is well settled that a judgment ordering the foreclosure of mortgage is not final and appealable until the trial court enters an order approving the sale and the directing distribution.'" *Vazquez v. J.P. Morgan Chase Bank, N.A.,* 2014 U.S. Dist. LEXIS 124802, at *7 (N.D. Ill. 2014). Here, there was no order approving sale in the Foreclosure Action because Lakeview decided to dismiss the Foreclosure Action. Moreover, the default judgment of foreclosure was entered nearly **10 months before** the conduct that provides the basis for Plaintiffs' claims of took place. Simply put, Plaintiffs are not state court losers complaining of injuries caused by a state-court judgment because (1) Plaintiffs never lost in the Foreclosure Action as it was voluntarily dismissed and (2) the conduct that gives rise to their claims took place nearly **10 months after** the entry of the default judgment of foreclosure. *See McDonald v. White,* 465 Fed. Appx. 544, 547 (7th Cir. 2012) (highlighting that "under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to entertain claims 'brought by *state-court losers* complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'")

(emphasis added). For the foregoing reasons, the *Rooker-Feldman* doctrine is inapplicable as a matter of law.

      **b. Plaintiffs Did Not Have a Reasonable Opportunity to Litigate their Claims in the Foreclosure Action.**

      Even if a final judgment was entered in the Foreclosure Action (which is not the case), Plaintiffs' claims are still not barred by the *Rooker-Feldman* doctrine because Plaintiffs were not afforded a reasonable opportunity to litigate their claims in the Foreclosure Action. Specifically, Nikki attempted to file a counterclaim against Lakeview in the Foreclosure Action to assert claims arising from Defendants' unlawful forcible entry. However, the state court declined to give Nikki the opportunity to bring her claims related to Defendants' unlawful forcible entry by denying Nikki's Motion for Leave to File Counterclaim on July 27, 2017 on the basis that the counterclaims should be brought in a new lawsuit. *See* Exhibits C and D.

      The Seventh Circuit has repeatedly held that the *Rooker-Feldman* doctrine does not apply if a plaintiff has not had a reasonable opportunity to litigate his/her claims in the state court case. *See Gilbert v. Ill. State Bd. of Educ.,* 591 F.3d 896, 901-02 (7th Cir. 2010) (recognizing the exception to the *Rooker-Feldman* doctrine that allows plaintiffs to litigate in the federal system if they were not afforded a "reasonable opportunity" to raise their claims in state court); *Lynk v. La Porte Superior Court No. 2,* 789 F.2d 554, 564-65 (7th Cir. 1986) (finding that the *Rooker-Feldman* doctrine is inapplicable where the plaintiff did not have a realistic opportunity to raise his claims in state court); *Long,* 182 F.3d at 558 (7th Cir. 1999) (explaining that an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings). Here, as explained above, Nikki nor B.M. had a reasonable opportunity to bring the claims at issue in this case in the Foreclosure Action because

(1) the state court declined to adjudicate the claims and (2) the Foreclosure Action was dismissed. In light of the conspicuous absence of the opportunity to raise their claims in the Foreclosure Action, "it is impossible to conclude that the issue[s] [were] inextricably intertwined with the state court judgment." *Kelley,* 548 F.3d at 606 (7th Cir. 2008) *citing Long,* 182 F.3d at 557-58 (7th 1999). This is especially the case in light of the absence of a final state court judgment in the Foreclosure Action. Even if the Court finds the existence of a relationship between the Foreclosure Action and the Federal Case, the *Rooker-Feldman* doctrine "does not apply to harms somehow related to, but not caused by, state court judgments." *Mikhail v. Kahn,* 991 F.Supp. 2d 596, 613 (E.D. Penn. 2014) *citing Skinner v. Switzer,* 131 S. Ct. 1289 (2011). Accordingly, fundamental due process principles and controlling precedent dictate that the *Rooker-Feldman* doctrine does not bar Plaintiffs' claims.[3]

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims are not barred by the *Rooker-Feldman* doctrine and therefore this Court has subject matter jurisdiction over Plaintiffs' claims.

---

[3] In the event this Court finds that Nikki's claims are barred by the *Rooker-Feldman* doctrine, B.M.'s claims must survive because he was not a named party to the Foreclosure Action and thus had no realistic opportunity to bring his claims as counterclaims in the Foreclosure Action. *See Allen v. Allen,* 48 F.3d 259, 261 (7th Cir. 1995) (finding that the *Rooker-Feldman* doctrine did not apply to bar a federal action by a plaintiff who was not a party to a state court proceeding).

Date: January 21, 2019     Respectfully Submitted,

          /s/ Mohammed O. Badwan
          Mohammed O. Badwan, Esq.
          *Counsel for Plaintiffs*
          Sulaiman Law Group, Ltd.
          2500 S. Highland Ave., Ste. 200
          Lombard, IL 60137
          Phone (630)575-8180
          Fax: (630)575-81
          mbadwan@sulaimanlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 21, 2019, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will provide notification of such filing to all counsel of record.

<u>/s/ Mohammed O. Badwan</u>