# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NIKKI PARHAM, individually and on behalf of her minor child, B.M., <br><br> Plaintiffs, <br><br> v. <br><br> LAKEVIEW LOAN SERVICING, LLC and CENLAR FSB, <br><br> Defendants. | 18-cv-04678 <br><br> Honorable Charles R. Norgle, Sr. <br><br> Magistrate Judge M. David Weisman |

## UNOPPOSED MOTION TO AMEND COMPLAINT

**NOW COME** Plaintiffs NIKK PARHAM, individually and on behalf of her minor child, B.M. ("Plaintiffs"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(2), bringing this Motion to Amend Complaint, and in support thereof, stating as follows:

1. On July 6, 2018, Plaintiffs filed the instant case against Defendants Lakeview Loan Servicing, LLC ("Lakeview") and Cenlar FSB ("Cenlar") (collectively "Defendants") seeking damages for breach of contract, intentional infliction of emotional distress, intrusion upon seclusion, trespass to property, violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.), and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq.). [Dkt. 1]

2. Plaintiffs' claims arise from Defendants' unlawful conduct in the course of servicing a mortgage loan secured by Plaintiffs' principal residence.

3. Specifically, Plaintiffs allege that Defendants unlawfully broke into Plaintiffs' home, changed the locks, and damaged Plaintiffs' home.

4. On September 21, 2018, Defendants filed an answer to Plaintiffs' complaint. [Dkt. 14]

5. On December 12, 2018, the Court sua sponte raised concerns that Plaintiffs' claims may be barred by the *Rooker-Feldman* doctrine and ordered the Parties to submit briefs on the legal issue raised by the Court. [Dkt. 18].

6. On September 11, 2019, the Court entered an Order finding that the *Rooker-Feldman* doctrine is inapplicable, thus allowing Plaintiffs to proceed with their claims. [Dkt. 32].

7. On December 4, 2019, the Court entered an order approving the Parties' agreed discovery plan. [Dkt. 34]

8. On December 31, 2019, Defendants submitted their Rule 26(a)(1) disclosures.

9. Defendants' Rule 26(a)(1) disclosures revealed that two third party vendors/contractors may have information relating to the facts that give rise to Plaintiffs' claims.

10. Specifically, Defendants disclosed two property preservation companies, Five Brothers Mortgage Company Services and Securing, Inc. ("Five Brothers") and Masterbuilt Construction, Inc. ("Masterbuilt").

11. On January 8, 2020, Plaintiffs issued subpoenas to Five Brothers and Masterbuilt.

12. On January 20, 2020, Five Brothers, through its counsel, responded to Plaintiffs' subpoena.

13. Five Brothers' response to Plaintiffs' subpoena revealed that (1) Defendant Cenlar hired Five Brothers to perform property preservation services at Plaintiffs' home, and (2) Five Brothers subsequently hired Masterbuilt to perform the same.

14. Accordingly, Five Brothers and Masterbuilt were complicit in the underlying conduct that gives rise to Plaintiffs' claims.

15. As of today, Masterbuilt has not responded to Plaintiff's subpoena or otherwise reached out to Plaintiffs' counsel.

16. Plaintiffs seek to amend their complaint to add Five Brothers and Masterbuilt as defendants in this lawsuit.

17. Five Brothers and Masterbuilt are indispensable parties to this lawsuit as they are the parties that carried out the conduct that gives rise to Plaintiffs' claims.

18. Pursuant to Fed. R. Civ. Pro. 15(a)(2), a court should freely give a party leave to amend its pleading when justice requires.

19. A plaintiff is entitled to amend the complaint once as a matter of right if it acts quickly enough and even after that time has expired, a court "should freely give leave to amend when justice requires so." *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 943 (7th Cir. 2012).

20. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

21. Here, no good cause exists to deny Plaintiffs' request to amend their complaint. Specifically, the amendment would not unduly prejudice Defendants because (a) discovery is in its early stages, and (b) Plaintiffs are not seeking to add additional claims against Defendants.

22. Moreover, the amendment will expedite the discovery process because the Court will have direct jurisdiction over the newly added defendants and thus the need for extensive motion practice on compelling subpoena compliance will be quelled.

23. Laslty, the amendment will not require Defendants to expend significant additional resources in responding to the Amended Complaint because the theory of Plaintiffs' claims remains the same.

24. Based on the foregoing, justice would be served if Plaintiffs are granted leave to amend their complaint.

25. Plaintiffs seek to amend their complaint in good faith and this is Plaintiffs' first request to amend their complaint.

26. Plaintiffs' counsel conferred with Defendants' counsel regarding the relief sought herein and Defendants have no objection.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter an order granting Plaintiffs14 days to amend their complaint.

Dated: February 10, 2020                              Respectfully submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq.
*Counsel for Plaintiffs*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone (630)575-8180
mbadwan@sulaimanlaw.com