## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NIKKI PARHAM, individually and on behalf of her minor child, B.M., | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:18-cv-04678 |
| | ) |
| LAKEVIEW LOAN SERVICING, LLC, CENLAR FSB, FIVE BROTHERS MORTGAGE SERVICES COMPANY, and MASTERBUILT CONSTRUCTION, INC. | ) District Court Judge Charles R. Norgle, Jr.<br>)<br>) Magistrate Judge M. David Weisman<br>)<br>) |
| Defendants. | |

### DEFENDANT CENLAR FSB'S MOTION FOR LEAVE TO FILE CROSS-CLAIM AGAINST DEFENDANT FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.

Defendant, Cenlar FSB ("Cenlar"), by its undersigned counsel, pursuant to Federal Rules of Civil Procedure 13 and 15, moves for leave to file a cross-claim against defendant Five Brothers Mortgage Company Services and Securing, Inc., d/b/a Five Brother Mortgage Services Company ("Five Brothers"), and states as follows:

**Procedural History**

1. Plaintiffs commenced this action on July 6, 2018, at which time there were two defendants, Cenlar and Lakeview Loan Servicing, LLC ("Lakeview").

2. Cenlar and Lakeview filed their answer and affirmative defenses on September 21, 2018.

3. By order dated December 12, 2018, the Court ordered the parties to file briefs concerning the applicability or non-applicability of the *Rooker-Feldman* doctrine. Dkt. 18. The parties filed their briefs in accordance with the briefing schedule set by the Court, each taking the position that the doctrine did not apply. *See* Dkt. 19 and 23.

4. By order dated September 11, 2019, the Court found that the *Rooker-Feldman* doctrine did not apply to Plaintiffs' claims and allegations. Dkt. 32.

5. The Court ordered the parties to submit a joint discovery plan, which the parties filed on October 8, 2019. Dkt. 33.

6. By order dated December 4, 2019, the Court approved the proposed discovery plan, pursuant to which fact discovery would remain open through June 1, 2020. Dkt. 34. The proposed discovery plan approved by the Court did not contain a deadline for amendment of pleadings or joinder of additional parties. *Id.*

7. However, on February 10, 2020, Plaintiffs moved to amend the complaint in order to add as defendants Five Brothers and Masterbuilt (Dkt. 38), which motion the Court granted on February 20, 2020. Dkt. 44.

8. Plaintiffs filed their amended complaint on March 5, 2020. Dkt. 45.

9. Masterbuilt appeared through counsel on May 26, 2020. Dkt. 54. Five Brothers appeared through counsel on May 29, 2020. Dkt. 64.

10. Five Brothers and Masterbuilt moved to dismiss the amended complaint, which motions the Court denied by order dated February 25, 2021. Dkt. 95.

11. Masterbuilt filed its answer to the amended complaint on April 8. 2021. Dkt. 99. Five Brothers has not yet filed an answer to those counts of the amended complaint that it moved to dismiss.

12. By order dated March 26, 2021, the Court ordered the parties to file a joint status report by May 14, 2021. Dkt. 98.

**Nature of the Case**

13. Plaintiff Nikki Parham is or was the owner of a residence located in Chicago, Illinois (the "Property"). Plaintiff "BM" is her minor son, who also resided at the Property.

14. Cenlar previously serviced Parham's mortgage loan on the Property under an agreement with Lakeview.

15. A foreclosure judgment was entered against Nikki Parham and a judicial sale of the Property was scheduled for July 28, 2017.

16. Plaintiffs allege that, on July 7, 2017, when Plaintiffs remained in possession of the Property and while Parham's son was present at the Property, Masterbuilt, a property preservation subcontractor of Five Brothers, broke into the Property through the rear door, installed a padlock, and walked through the house to confirm occupancy. Amended Complaint, ¶¶ 14-79, Dkt. 45.

17. Based on these allegations, Plaintiffs assert the following claims in their amended complaint: Count I for breach of contract against Lakeshore; Count II for trespass against all four defendants; Count III for violation of the Illinois Consumer Fraud Act against all four defendants; Count IV for violation of the Fair Debt Collection Practices Act against Cenlar and Lakeview,[1] Count V for intrusion upon seclusion against all four defendants; Count VI for intentional infliction of emotional distress against all four defendants; Count VII for conversion against Five Brothers and Masterbuilt; and Count VIII for negligence against Five Brothers and Masterbuilt. Counts I and II are brought by Nikki Parham only, while the remaining six counts are brought on behalf of both Nikki Parham and her son. Amended Complaint, ¶¶ 93-179, Dkt. 45.

---

[1] Plaintiffs voluntarily withdrew the FDCPA claim as against Five Brothers and Masterbuilt because neither was a debt collector. *See* Dkt. 95.

**Proposed Cross-claims**

18. Cenlar engaged Five Brothers as an independent contractor to perform an outside occupancy check of the Property, and if the Property was found to be vacant *and* the vacancy could be confirmed through a neighbor, to secure the Property as necessary.

19. Five Brothers subcontracted this work to Masterbuilt.

20. Pursuant to the terms of the contract between Cenlar and Five Brothers, Five Brothers agreed to indemnify and hold harmless Cenlar against a loss arising from or in any way connected with, among other things, negligent wrongful acts or misconduct by Five Brothers or its subcontractors, any claims or actions brought by a third party alleging damage or injury to the property or person arising out of an act or omission by Five Brothers, or any mistakes by Five Brothers relating to performance of the services. Each of these grounds "shall extend to any and all alleged acts or omissions (whether willful, intentional, negligent, or grossly negligent) committed by Five Brothers, its agents, employees, subcontractors, or independent contractors, while performing services for Customer."

21. Cenlar seeks leave to file a cross-claim for express indemnification against Five Brothers. The proposed cross-claim is attached as Exhibit A.

**Legal Discussion**

22. Rule 13(g) permits a party to file a cross-claim against a co-party arising out of the transaction or occurrence that is the subject matter of the original action, Fed.R.Civ.P. 13(g), and should be liberally construed. *Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir. 1952). Cross-claims prevent the "circuity of action and [dispose] of the entire subject matter arising from one set of facts in one action, thus administering complete and even handed justice expeditiously and economically." *Id.* Leave to file a cross-claim is to be freely given when

justice so requires, and is brought pursuant to Fed. R. Civ. P. 15(a). *Ash v. Theros Int'l Gaming, Inc.*, 2001 U.S. Dist. LEXIS 10952, 2001 WL 869621, at *5-6 (N.D. Ill. Aug. 1, 2001) (granting motion for leave to add crossclaims for indemnity). The granting of such a motion is inappropriate only in circumstances of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of the amendment. *Tragarz v. Keene Corp.*, 980 F.2d 411, 431 (7th Cir. 1993) (*citing Foman v.* Davis, 371 U.S. 178, 182 (1962)). If the underlying facts are a proper subject of relief, the plaintiff should have the "opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

23. Here, there is no undue delay, bad faith, or dilatory motive. A case management order has not been entered since Five Brothers and Masterbuilt were added to the case, and even the original case management order did not have a deadline for amendments or joinder. The Court recently ordered the parties to file their first joint status report since the filing of the amended complaint. That joint status report is due by May 14, 2021. Masterbuilt has been at issue with Plaintiffs only since April 8, 2021. Dkt. 99. Five Brothers is still not at issue with Plaintiffs. No depositions have been taken. The case will not be delayed if Cenlar is permitted to file its proposed cross-claim because the discovery that Cenlar needs to establish its proposed cross-claim concerns the same facts that underlie Plaintiffs' claims. "A court will generally grant leave to amend, even if discovery is substantially completed, if the discovery has adequately covered the subject matter of the amendment." *Stephenson v. Hartford Life & Annuity Ins. Co.*, 2006 U.S. Dist. LEXIS 60696, 2006 WL 2349931, at *36-37 (N.D. Ill. Aug. 9, 2006).

24. No party would be prejudiced by the Court allowing the amendment. In addition, there has been no repeated failure to cure deficiencies and the amendment is not futile.

25. Although the "good cause" standard does not apply because there was no deadline for amendments to pleadings, it is in any event the case that Cenlar has been diligent by bringing this motion before Five Brothers is even at issue with Plaintiffs on all counts of the amended complaint.

26. Justice requires that Cenlar be granted leave to file its cross-claim for express indemnification against Five Brothers.

WHEREFORE, defendant Cenlar, FSB respectfully requests the Court to grant it leave to amend to file the attached cross-claim *instanter* and grant such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Adam L. Saper*
Adam L. Saper
**HINSHAW & CULBERTSON LLP**
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
asaper@hinshawlaw.com

*Attorney for Lakeview Loan Servicing, LLC and Cenlar FSB*

### CERTIFICATE OF SERVICE (ECF)

I certify, that on April 28, 2021, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Adam L. Saper*