# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NIKKI PARHAM, individually and on behalf of her minor child B.M., *et al.*, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:18-cv-04678<br>) |
| v. | ) Hon. Charles R. Norgle, Sr.<br>) |
| LAKEVIEW LOAN SERVICING, LLC, CENLAR FSB, FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING INC., and MASTERBUILT CONSTRUCTION, INC., | ) Magistrate Judge M. David Weisman<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MASTERBUILT CONSTRUCTION INC.'S MOTION FOR LEAVE TO AMEND ANSWER AND ADD CROSSCLAIM AGAINST DEFENDANT CENLAR FSB

Defendant, MASTERBUILT CONSTRUCTION, INC., by its undersigned counsel, pursuant to Federal Rules of Civil Procedure 13 and 15, moves for leave to amend its answer to Plaintiffs' First Amended Complaint to include a crossclaim against defendant CENLAR FSB ("Cenlar") for contribution under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 *et seq.*, and states as follows:

### Background

1. Plaintiffs commenced this action on July 6, 2018, at which time there were two defendants, Cenlar and Lakeview Loan Servicing, LLC ("Lakeview"). Masterbuilt was not a party to the case at that time.

2. On February 10, 2020, Plaintiffs moved to amend their Complaint and add Masterbuilt and Five Brothers Mortgage Company Services and Securing, Inc., as defendants (Dkt. 38).

3. The Court granted the motion on February 20, 2020. (Dkt. 44).

4. Plaintiffs filed their Amended Complaint on March 5, 2020. (Dkt. 45).

5. In their Amended Complaint, Plaintiffs allege that Cenlar previously serviced the mortgage loan taken by Ms. Parham on the property commonly known as 7523 South Ridgeland Avenue, Chicago, Illinois (the "Property").

6. Plaintiffs allege that in 2016, Ms. Parham's lender filed a foreclosure complaint in the Circuit Court of Cook County seeking to foreclose on the Property.

7. Plaintiffs allege that on or about November 30, 2016, Ms. Parham filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois.

8. Plaintiffs allege that on or about April 3, 2017, the Bankruptcy Court confirmed the Chapter 13 Bankruptcy Plan (the "Plan").

9. Plaintiffs allege that notwithstanding the Plan, Ms. Parham was unable to make her payment obligations under the Plan.

10. Plaintiffs allege that on or about June 5, 2017, Ms. Parham's lender obtained authorization from the Bankruptcy Court to proceed with the previously-filed foreclosure proceeding regarding the Property.

11. Plaintiffs allege that pursuant to the foreclosure proceeding, a foreclosure sale of the Property was scheduled for July 28, 2017.

12. Plaintiffs allege that on or about June 19, 2017, Ms. Parham submitted to Cenlar a complete loan modification application to modify the mortgage on the Property (the "Application").

13. Plaintiffs allege that on or about July 7, 2017, Cenlar issued a work order to Five Brothers and/or Masterbuilt to perform property preservation services at the Property (the "Work Order").

14. Plaintiffs allege that in carrying out that work order, Masterbuilt employees entered Plaintiffs' home at a time when B.M. was in the home alone.

15. Plaintiffs allege that B.M. hid in the basement during the time Masterbuilt's employees were in the home.

16. Plaintiffs' allege B.M. suffered emotional distress due to the events on July 7, 2017 and claim other damages.

17. Count VIII of the Amended Complaint alleges a cause of action for negligence against Five Brothers and Masterbuilt, but not Cenlar.

**Masterbuilt's Proposed Crossclaim**

18. Masterbuilt seeks to amend its answer to include a crossclaim against Cenlar for contribution under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 *et seq*. (the "Act"). Masterbuilt's proposed amended answer and crossclaim are attached hereto as **Exhibit A.**

19. The Act permits a defendant who pays more than its pro rata share of liability to plaintiff to recover from another party subject to liability for that same injury any amount over and above their pro rata share.

20. Cenlar had a duty to notify Five Brothers and Masterbuilt that Ms. Parham had submitted the Application to Cenlar prior to the Work Order.

21. Cenlar breached its duty by failing to notify Five Brothers and Masterbuilt that Ms. Parham had recently filed the Application prior to the Work Order.

22. It was reasonably foreseeable to Cenlar that failing to notify Five Brothers and/or Masterbuilt at or around the time it issued the Work Order that Ms. Parham had previously filed the Application could result in damage to Plaintiffs, the Property and Plaintiffs' personal property.

23. If Plaintiffs recover a judgment against Masterbuilt for the damages alleged in the Amended Complaint, all of which is denied by Masterbuilt, any such liability therefore imposed on Masterbuilt will have been caused and brought about by reason of the negligence, carelessness, recklessness, breach of contract, trespass, violation of statute and/or other acts of omission or commission and/or intentional tortious conduct of the Cenlar and/or its agents, servants and/or employees.

24. By virtue of the Act, if Masterbuilt is found liable to Plaintiffs, which liability Masterbuilt denies, Masterbuilt will be entitled to judgment against Cenlar by way of contribution for any amount of judgment entered against Masterbuilt in excess of Masterbuilt's pro rata share of liability, and in an amount commensurate with the relative culpability of Cenlar in causing or contributing to Plaintiffs' injuries.

**Masterbuilt Should Be Granted Leave to Amend Its Answer and Add a Crossclaim Against Cenlar**

25. Federal Rule of Civil Procedure 13(g) provides:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

26. Federal Rule of Civil Procedure 15(c) provides that, if more than 21 days have passed since the service of a pleading, it may be amended "with the opposing party's written

consent or the court's leave," and that "[t]he court should freely give leave when justice so requires."

27. Masterbuilt's proposed crossclaim against Cenlar for contribution satisfies all of the necessary conditions of Rules of Civil Procedure 13(g) and 15(c) and should be granted.

WHEREFORE, defendant MASTERBUILT CONSTRUCTION, INC. respectfully requests the Court to grant it leave to amend its answer to include a crossclaim against CENLAR FSB for contribution *instanter* and grant such other relief as the Court deems appropriate.

DATED: March 4, 2022

Respectfully submitted,

MASTERBUILT CONSTRUCTION, INC.

<u>s/ Ryan G. Rudich</u>
By: One of Its Attorneys

Terrence J. Sheahan
Ryan G. Rudich
Fielden A. Fleming
FREEBORN & PETERS LLP
311 South Wacker Dr., Ste. 3000
Chicago, IL 60606
Tel: (312) 360-6000
tsheahan@freeborn.com
rrudich@freeborn.com
ffleming@freeborn.com

# CERTIFICATE OF SERVICE

I, Ryan G. Rudich, counsel for Masterbuilt Construction, Inc., hereby certify that on March 4, 2022, I served a copy of the foregoing **Defendant Masterbuilt Construction, Inc.'s Motion for Leave to Amend Answer and Add Crossclaim Against Defendant Cenlar FSB** to the following counsel of record by electronic mail:

| | |
|---|---|
| *Counsel for Plaintiffs* | *Counsel for Five Brothers Mortgage Company Services* |
| Mohammed O. Badwan<br>Sulaiman Law Group, Ltd.<br>2500 S. Highland Avenue<br>Suite 200<br>Lombard, IL 60148<br>mbadwan@sulaimanlaw.com | Lori A. Vanderlaan<br>Fritz V. Wilson<br>Best, Vanderlaan & Harrington<br>25 E. Washington St.<br>Suite 800<br>Chicago, IL 60602<br>lvanderlaan@bestfirm.com<br>fwilson@bestfirm.com<br>eservice@bestfirm.com |
| *Counsel for Lakeview Loan Servicing, LLC and Cenlar FSB* | |
| Michael P. Adams<br>Hinshaw & Culbertson LLP<br>151 N. Franklin Street<br>Suite 2500<br>Chicago, IL 60606<br>(312) 704-3000<br>madams@hinshawlaw.com | Phillip A. Luetkehans<br>Brian J. Armstrong<br>Jessica G. Nosalski<br>Luetkehans, Brady, Garner & Armstrong, LLC<br>105 East Irving Park Road<br>Itasca, IL 60143<br>(630) 773-8500<br>pal@lbgalaw.com<br>bja@lbgalaw.com<br>jgn@lbgalaw.com |

/s/ Ryan G. Rudich